UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TAMMY BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 2:21CV239-PPS/JPK |
| v. ) | |
| ) | |
| STATE OF INDIANA LAKE COUNTY, ) | |
| DEPARTMENT OF MOTOR VEHICLE, ) | |
| and STATE POLICE INDIANA, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Tammy Barnes (a/k/a Sneed) has filed a civil complaint and a motion to proceed in forma pauperis, both using court-provided forms. Because Barnes asks to file her case without paying the filing fee that is ordinarily required, the complaint is subject to review and potential dismissal if on its face it lacks merit. Pursuant to 28 U.S.C. §1915(e)(2)(B), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .(B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The complaint identifies three defendants, "State of Indiana Lake County," "Department of Motor Vehicle," and "State Police Indiana." [DE 1 at 1.] I reproduce

below the entirety of Barnes' allegations as recorded in the "Claims and Facts" section of her Civil Complaint:

> This complaint is being prepared to inform the State of Indiana of prior incidents of a rape that occurred on Indiana's Toll way at a Cline exit going to Illinois, the young woman Tammy Barnes was raped because of her Attorney Samuel Adams Jr. whom began working against her by using adult men whom were said to be her age that statutorily raped the young woman and later began having violent corruption activities take place against her, which today lead to the men reporting her to have mental illness and because she is a Genius, Sam Adams began using her resources to start business venues in which he has given monies of hers to people whom began using her name and identity along with using her children names and identity to start passing her monies to open up businesses and to write, publish, any and all materials that they could take from Tammy Barnes-Bush Sneed.  She is now being harassed and threatened by these people that her and her children are missing, or dead and the police has never made any reports of the incidents. These allegations were made to make others not listen to complaints that were being given by Tammy Sneed. But because police and other witnesses have made the same reports as being true that are being reported by Tammy Bush-Sneed the allegations will show in court to being truthfully made under document oath.

[DE 1 at 2-3.]  Barnes has left blank the "Relief" section of the Civil Complaint form, so it is unclear whether she seeks injunctive, declaratory or monetary relief.

Speaking plainly, Barnes' allegations are unintelligible.  And whatever attempt might be made to reasonably construe the allegations, they do not state a claim for which relief could be granted as against Lake County, Indiana, the Indiana State Police, or the Department of Motor Vehicles, because Barnes does not make allegations of conduct by those entities or their agents that resulted in damage to Barnes.  Barnes' complaint does not provide fair notice of what her claim is and the grounds upon which

2

it rests, and does not raise the possibility of relief above the speculative level. For these reasons, the complaint is subject to dismissal for failure to state a claim upon which relief could be granted. *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 555 (2007); *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013).

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here.

Barnes' Motion to Proceed In Forma Pauperis, using the court-provided form, is missing page 2 of the form, which solicits information on the filer's assets and dependents, without which indigent status cannot be determined. The absence of the correct page 2 also means the motion lacks Barnes' declaration under penalty of perjury that the earnings information provided on page 1 is true. Instead of page 2 of the form IFP motion, Barnes has submitted a page of Claims and Facts, which is page 2 of the Civil Complaint form, on which she has handwritten allegations about a Robert A. Barnes and unnamed "state officials of Illinois." [DE 2 at 2.] These allegations are not pertinent to a determination of IFP status and even if generously considered to supplement the allegations of the complaint would not preclude the conclusion that Barnes fails to state a claim upon which relief could be granted.

**ACCORDINGLY:**

Tammy Barnes' Motion to Proceed In Forma Pauperis [DE 2] is DENIED, and the case is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

**SO ORDERED.**

**ENTERED: August 6, 2021.**

                                          /s/ Philip P. Simon
                                          **PHILIP P. SIMON, JUDGE**
                                          **UNITED STATES DISTRICT COURT**